IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTOPHER REESE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. C-05-452 |
| UNITED STATES BUREAU | § | |
| OF PRISONS, ET AL., | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS

Petitioner Brian Christopher Reese, a federal inmate, was at the time of filing this petition incarcerated at the Federal Corrections Institute in Three Rivers, Texas.  He filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 9, 2005, (D.E. 1), along with a supporting memorandum, (D.E. 2). Pending is respondent's motion to dismiss petitioner's habeas application for failure to state a claim.  (D.E. 18).

For reasons set forth herein, it is respectfully recommended that respondent's motion to dismiss be granted.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241.

## II.  BACKGROUND FACTS AND PROCEEDINGS

On January 13, 1998, petitioner was arrested by Missouri state law enforcement authorities.  (D.E. 18, App., Decl. of Hope McHerron, ¶ 4).  While in state custody, he was indicted by a federal grand jury for aiding, abetting, and attempting to manufacture ten grams or more of methamphetamine.  Id. at ¶ 5.  On January 20, 1998, he was brought into federal custody on a writ of habeas corpus ad prosequendum for trial and sentencing in federal district court.  Id. at ¶ 6.  On April 10, 1998, he pleaded guilty to two criminal counts in the United States District Court for the Western District of Missouri, in case number 98-CR-00014-001, styled United States v. Reese.  (D.E. 18, App., Federal Judgment, at 1).  On July 10, 1998, he was sentenced to 151 months for count one, and 120 months for count two, which were to run concurrently.  Id. at 2.

On August 3, 1998, petitioner pleaded guilty to a state charge of manufacturing a controlled substance, a class B felony, in the Circuit Court of Jackson County, in cause number CR97-05671, styled The State of Missouri v. Brian Reese.  (D.E. 18, App., State Guilty Plea/Judgment, at 1).  He was sentenced to ten years imprisonment "to run concurrent with CR95-1958 (probation revocation) and any pending federal cases."  Id. (emphasis added).  On September 7, 2004, the state court issued a nunc pro tunc order, which corrected his state judgment by stating "the state sentence shall 'run concurrent with CR95-1958

2

(probation revocation) and *United States v. Brian C. Reese*, 4:98CR00014-001 (Western District of Missouri).'"  (D.E. 18, App., Nunc Pro Tunc Order).

Petitioner's plea agreement entered in connection with his federal charges did not provide any recommendation as to whether his federal sentence should run concurrent or consecutively with his pending state charges.  (See D.E. 2, Ex. 3, at 17-24).  Additionally, the written judgment handed down in his federal criminal case does not mention his pending state sentence, or whether the sentence imposed by the federal district court was intended to run concurrently with the pending state sentence.  (See D.E. 18, App., Federal Judgment).  Petitioner, pursuant to his belief that his federal and state sentences were intended to run concurrently, sought to remedy the alleged oversight through administrative remedies, and Rule 35 of the Federal Rules of Criminal Procedure.  (D.E. 2, at 2).

On March 22, 1999, Larry Campbell, Inmate Systems Administrator for the Federal Bureau of Prisons ("BOP") responded to petitioner's inquiry concerning his federal sentence in relation to his state sentence.  (See D.E. 18, App., Letter from Larry Campbell, Mar. 22, 1999).  Mr. Campbell informed him that "the court did not specifically wish that the federal and state sentences operate concurrently." Id.  He further explained that the BOP considered his federal sentence to run consecutive to his state sentence, and that his federal sentence would commence pursuant to 18 U.S.C. § 3585(a) upon his arrival at, or his transport to a designated

facility.  Id.

On January 13, 2000, the United States District Court for the Western

District of Missouri entered an order denying petitioner's motion to amend or

correct the court's judgment in his case.  United States v. Reese, No. 98-CR-

00014-001 (W.D. Mo. 2000); (D.E. 2, Ex. 7).  The court stated it had "never

expressed an opinion as to whether Reese's pending state sentence should run

concurrent with his federal sentence."  Id. at 1.  Moreover, it elaborated that it

"ha[d] no authority ... to order that Reese be given credit for his state confinement.

In general, sentence credit issues are committed to the jurisdiction of the Bureau of

Prisons."  Id. at 2-3 (emphasis added).  Finally, the district court noted that it could

find "no reason why Reese should not receive credit toward his federal sentence

for his state custody."  Id. at 3.

Next, petitioner sought further review of his sentence with the BOP.  On

February 18, 2000, United States Attorney Stephen L. Hill, Jr. through Assistant

United States Attorney David A. Barnes sent a letter to Mike Dungan, Regional

Inmate Systems Administrator for the BOP.  (D.E. 2, Ex. 8).  Mr. Barnes wrote

that:

> While it is impossible for me to speculate what the
> Court's intention was with regard to when the federal
> sentence was to begin, it was certainly the intent of the
> United States and that of the defendant's counsel ... that
> Mr. Reece [sic] would serve any sentences that he was

> under (both state and federal) concurrently such that he
> was not being penalized so to speak for being in state
> custody.

Id. at 1 (emphasis added).  On February 22, 2000, Mr. Dungan sent a letter to

petitioner indicating that his request for review of the BOP's denial of his nunc pro

tunc designation had been reviewed, and that "no additional information or

extenuating circumstances exist[ed] which would merit a reversal of our previous

denial of Nunc Pro Tunc designation."  (D.E. 18, App., Letter from Mike Dungan,

Feb. 22, 2000).  Mr. Dungan further explained that this decision was the final

review and determination by the BOP.  Id.

On March 18, 2002, petitioner was released from state custody, and

according to the BOP came into exclusive federal custody.  (D.E. 18, App., Decl.

of Hope McHerron, ¶ 8).  His federal sentence was calculated as beginning on

March 18, 2002 with a projected release date of March 26, 2013.  Id.

Once in federal custody, petitioner again sought review of the determination

that his federal sentence was intended to run concurrently with his state sentence.

On November 8, 2004, respondent denied his request that his federal sentence be

designated to run concurrent with his state sentence, citing several reasons.  First,

respondent noted that petitioner's federal judgment did not indicate whether or not

the federal sentence was to run concurrently with his state sentence.  (D.E. 2, Ex.

9).  He further stated that petitioner's file had been reviewed, and it was

5

determined that his sentence had been computed correctly.  Id.  As part of this review, it was determined that petitioner had received credit for time served against his state sentence for the time period of January 13, 1998 through July 10, 1998. (D.E. 18, App., Decl. of Hope McHerron, ¶ 11).

On December 23, 2004, Ronald G. Thompson, Regional Inmate Director, denied petitioner's appeal of Warden Driver's denial for nunc pro tunc designation. (D.E. 2, Ex. 10).  Mr. Thompson stated that "a designation for concurrent service of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system."  Id.  Mr. Thompson also explained that petitioner had previously been informed that designating his federal sentence to run concurrently with his state sentence "was not consistent with the goals of the criminal justice system."  Id. at 2.  His appeal was denied because he did not provide any new information that warranted a nunc pro tunc designation.  Id.

On March 2, 2005, the BOP denied petitioner's final request for administrative relief.  (D.E. 2, Ex. 11).  Harrell Watts, Administrator for the BOP's National Inmate Appeals Office, informed petitioner that his appeal had been denied because he had provided no new information beyond that previously provided at the institution and regional administrative levels.  Id.  Moreover, Mr. Watts stated that the central office concurred with the previous findings that

petitioner's sentence had been properly calculated in accordance with federal statutes and the BOP's Program Statement 5880.28.  Id.

On September 9, 2005, petitioner filed this writ of habeas corpus challenging the calculation of his anticipated release date from custody by the BOP.  (D.E. 1). He alleges that he is entitled to credit for time served as of the commencement of his federal sentence, which he argues occurred on July 10, 1998.  Id. at 3.  He further asserts that the mere fact that he was held in a state facility while serving a federal sentence should not foreclose him from receiving credit for time served. Id. at 4.

On December 27, 2005, respondent filed a motion to dismiss for failure to state a claim for which relief can be granted.  (D.E. 18).  He argues that petitioner's federal sentence did not commence until he was received into federal custody in 2002, and therefore, he is not entitled to credit for time served against his federal sentence for the period of time that he was serving his state sentence.  Id.

On January 20, 2006, petitioner filed a response to respondent's motion for summary judgment.  (D.E. 19).  He argues that he should not be punished due to the United States Marshals' failure to take him into federal custody upon the imposition of his federal sentence in July 1998.  Id. at 2-3.  He further argues that he is entitled to have his state and federal sentence run concurrently, and to receive credit for time served from the date of the imposition of his federal sentence

7

because he was in federal custody.  Id. at 3.  Finally, he argues that he is entitled to have his state sentence run concurrent with his federal sentence because he reasonably relied on the fact that the sentences would run concurrently when he relinquished his constitutional rights by entering into a plea bargain.  Id. at 5-6.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent concedes that petitioner has exhausted his available administrative remedies, pursuant to 28 C.F.R. §§ 542.10-11, 542.13-19, to appeal the BOP's decision concerning the execution of his federal sentence in relation to his state sentence.  (D.E. 18, at 5).

### IV.  STANDARD OF REVIEW

**A.      Standard of Review on a Federal Habeas Petition.**

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).  Additionally, "[t]o the extent that [petitioner] seeks credit for time served prior to the date of his federal sentence, ostensibly under 18 U.S.C. § 3568, ... it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241."  United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988) (citing United States v. Brown, 753 F.2d 455 (5th Cir. 1985) (per curiam)).

8

In order to be entitled to habeas relief, petitioner must show his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States.  United States v. Hayman, 342 U.S. 205, 211-12 (1952).  "Habeas relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) (per curiam) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

**B.     Motion To Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.   Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord

Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus,

the central question before the Court is whether the plaintiff's complaint states any

valid claim for relief.  See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M

Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

## V.  DISCUSSION

### A.    The BOP's Role In Computing Federal Prisoners' Sentences.

There are two decisions involved in the computation of federal sentences:

(1) when does the federal sentence commence; and (2) is the prisoner entitled to

credit for time served prior to the commencement of the federal sentence.  Both of

these decisions are at issue in the present case.

The Attorney General has the responsibility for imprisoning federal

offenders, which is administratively carried out by the BOP.  United States v.

Wilson, 503 U.S. 329, 331 (1992).  For offenses committed after November 1,

1987, federal sentence computation is governed by 18 U.S.C. § 3585.  Id. at 332.[1]

Section 3585 provides:

>    (a) Commencement of sentence.-- A sentence to a term of
>    imprisonment commences on the date the defendant is

---

[1] For individuals serving sentences for offenses committed prior to November 1, 1987, sentence computation decisions are governed by the now repealed 18 U.S.C. § 3568.  This statute empowered the Attorney General to award federal prisoners credit for time served prior to the commencement of their federal sentence.  Wilson, 503 U.S. at 331-32.

received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. Section 3585, unlike its predecessor § 3568, does not specifically state that the Attorney General is responsible for granting federal prisoners credit for time served prior to the commencement of their federal sentences. The Supreme Court, however, has held that time credit awards pursuant to § 3585(b) are to be made by the Attorney General through the BOP. Wilson, 503 U.S. at 334-35; accord United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). A prisoner may seek administrative review of the sentence computation determinations made by the BOP. 28 C.F.R. § 542.10-542.16. Once an inmate has exhausted his administrative remedies, he may seek judicial review of the BOP's determination. Wilson, 503 U.S. at 335-36.

**B.      Petitioner's Claims.**

    **1.      Concurrent or Consecutive Sentence.**

Petitioner challenges the BOP's decision to treat his federal sentence as running consecutive to his state sentence, rather than concurrently.  (D.E. 1, at 3).  He claims that it was the intention of all parties involved that his federal sentence was to run concurrent with his pending state sentence.  (D.E. 2, at 5).  He further asserts that the state court ordered his state sentence to run concurrently with his federal sentence.  Id. at 2.  Finally, he argues that where the trial record does not provide, or is ambiguous as to whether a defendant is to receive a concurrent or consecutive sentence that defendant shall be awarded a concurrent sentence pursuant to the due process clause of the Fifth Amendment.  Id. at 6.

In most cases, federal district courts have discretion as to whether impose concurrent, or consecutive sentences.  18 U.S.C. § 3584(a); accord United States v. Reyes-Lugo, 238 F.3d 305, 309 (5th Cir. 2001).  The statute creates a presumption that multiple terms of imprisonment imposed at the same time will run concurrently unless otherwise indicated by the Court, while terms imposed at different times are presumed to run consecutively unless otherwise noted.  Id.  The Fifth Circuit has held that a district court, pursuant to § 3584(a), may order a federal sentence to run concurrently with an anticipated state sentence.  United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000) (per curiam) (citations

omitted).

Petitioner argues that where the record is silent or ambiguous as to whether the sentence is to be served concurrent or consecutive to another sentence, the judge's intent at the time of sentencing must be examined.  (D.E. 2, at 6).  He further argues that federal district courts do not have the authority to impose a consecutive sentence upon a not yet imposed state sentence.  Id. at 7.  To support his argument, petitioner relies on case law from other circuits.  Id.  One of the authorities cited by petitioner is Romandine v. United States, 206 F.3d 731 (7th Cir. 2000), which finds that "[n]either § 3584(a) nor any other statute of which we are aware authorizes a federal judge to *declare* that his sentence must run consecutively to some sentence that may be imposed in the future."  Id. at 737 (italics in original).  However, this same decision notes that there is a circuit split currently on this issue, and further notes that the Fifth Circuit has held that a district court may impose a sentence to be served consecutively to a state sentence that has not yet been imposed.  Id. at 738 (citing Brown v. United States, 920 F.2d 1212, 1217 (5th Cir. 1991) (per curiam)).

The record is clear that the state trial court intended petitioner's state sentence to run concurrently to his federal sentence as evidenced by the original sentence, and the nunc pro tunc order.  However, it is unclear as to whether the federal district court intended petitioner's sentence to run concurrently, or

consecutively to his anticipated state sentence.  In sentencing petitioner, the district judge stated he had "never expressed an opinion as to whether Reese's pending state sentence should run concurrent with his federal sentence."  United States v. Reese, No. 98-CR-00014-001 at *1 (W.D. Mo. 2000); (D.E. 2, Ex. 7).

The Fifth Circuit has declared that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (italics in original) (holding that state prisoner's state and federal sentences ran consecutively where the district court did not specify otherwise).  While a federal district court can take into consideration anticipated sentences from separate state court proceedings when exercising its discretion of whether to impose a concurrent or consecutive federal sentence, the failure of the Court to specify that the sentence run concurrently to the anticipated state sentence results in the designation of a consecutive sentence.  "A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively."  Id.

Petitioner has failed to show that his liberty is being restrained in violation of the United States Constitution, treaties, or statutes.  The BOP's determination that his sentence was to be served consecutively to his state sentence is based on well-settled federal statutory law that is further supported by Fifth Circuit case law.

14

Additionally, the state trial court's designation that his state sentence was to be served concurrently with his federal sentence is non-binding on the BOP.  Leal v. Tombone, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam).

Therefore, it is respectfully recommended that the Court find petitioner's claim that his federal sentence was to run concurrently with his state sentence be dismissed for failure to state a claim for which habeas relief may be granted.

### 2.    Commencement Of Petitioner's Federal Sentence.

Petitioner also claims that the BOP has improperly designated the commencement date of his federal sentence.  (D.E. 2, at 9).  He argues that his federal sentence commenced on July 10, 1998, the day the federal district court handed down his sentence.  Id.  He stresses the fact that his federal judgment states "defendant is remanded to the custody of the United States Marshal."  (D.E. 19, at 4).  Respondent contends that petitioner's sentence did not commence until March 18, 2002, the point in time when state authorities relinquished their jurisdiction over him.  (D.E. 18, at 11).

The Fifth Circuit has explained that "[a] federal sentence begins to run on the date that a 'defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served."  Leal, 341 F.3d at 428 (citing 18 U.S.C. § 3585(a)).  Federal prisoners are placed in the custody of the BOP, which

designates the appropriate correctional facility where the defendant shall serve out his federal sentence.  18 U.S.C. § 3621.  "The phrase 'official detention facility' in § 3585(a) therefore must refer to a correctional facility designated by the Bureau for service of federal sentences, where the Bureau retains the discretion to 'direct the transfer of a prisoner from one penal or correctional facility to another.'"  Reno v. Koray, 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3621(b)).  An inmate could receive credit for time spent in the custody of state authorities only if the Attorney General exercises his "power granted by 18 U.S.C. § 4082 and designate[s] the involved state and local facilities as places of confinement for service of a federal sentence."  Garcia-Gutierrez, 835 F.2d at 587.

A federal sentence does not commence when a defendant is produced in federal court pursuant to a writ of habeas corpus ad prosequendum from state custody, nor is the defendant entitled to credit for time served against his federal sentence where credit has already been applied against his state sentence.  Vignera v. Attorney General, 455 F.2d 637, 637-38 (5th Cir. 1972) (per curiam).  The Fifth Circuit has held:

> The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.  The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.  A writ of

> habeas corpus *ad prosequendum* is only a 'loan' of the
> prisoner to another jurisdiction for criminal proceedings
> in the receiving jurisdiction.

Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (italics in original)

(emphases added) (internal citations omitted).

Petitioner cites a case from the United States District Court for the District
of Hawaii that held a prisoner could not be denied credit for time served due to the
United States Marshals' failure in executing a court order to begin his federal
sentence. Gillman v. Saxby, 392 F. Supp. 1070, 1073 (D. Haw. 1975). The district
court in Gillman notes that the Fifth Circuit has held that "the government first
arresting an individual gains prior jurisdiction over him. Since the state was the
first arresting government in that case, no credit was due on his federal sentence
when the prisoner was ordered to serve his state sentence before commencing his
federal sentence." Id.

Here, petitioner was first arrested by Missouri state authorities, and loaned to
federal custody pursuant to a writ of habeas corpus ad prosequendum. By contrast,
the defendant in Gillman pleaded guilty to federal charges, was released on bond
pending his federal sentencing, and thereafter was arrested by state authorities. He
was returned to the federal court in Hawaii for sentencing, and then sent back to
state authorities where he received a sentence to run concurrently with the sentence
he was then serving. However, he was not returned to federal custody but rather

17

began serving his state sentence.  After seeking clarification of the status of his

federal sentence, he was informed that he would not receive credit for his time

served in state incarceration against his federal sentence.  Id. at 1071-72.  The

district court found that defendant was entitled to credit because his federal

sentence had commenced even though he was not taken into federal custody based

on the fact that the district court's sentencing judgment stated that he was

sentenced to six years imprisonment "mittimus forthwith."  Id. at 1071.

Petitioner additionally cites United States v. Croft, 450 F.2d 1094 (6th Cir.

1971), as support for his position that his federal sentence began to run from the

date of his commitment order to the United States Marshals.  (D.E. 19, at 3).

However, petitioner's interpretation of the Sixth Circuit's decision in Croft is

misleading.  The Sixth Circuit held that "[a]ppellant, upon the order of

commitment of the District Court, should have been delivered by the Marshal to a

federal penitentiary after the subsequent trial and sentence by the state court which

provided that its sentence should run concurrently with the federal sentence."  450

F.2d at 1099.  This case, however, is distinguishable from the facts present in

petitioner's case.  The defendant in Croft was arrested by federal authorities, and

while released on bond was arrested by state authorities.  Id. at 1095.  In its

decision the Sixth Circuit stressed that:

> The determination whether a federal court or a state court
> has prior jurisdiction over the person of an accused rests

18

> upon principles of comity between federal and state
> courts.  Here, there is no dispute over comity.  The state
> court recognized prior jurisdiction of the federal court
> over the person of the appellant Croft, and emphasized
> such recognition of prior jurisdiction of the federal court.

Id. at 1099 (internal citation omitted).

The same cannot be said of petitioner's case, because he was in state custody when he was brought before the federal court pursuant to a writ of habeas corpus ad prosequendum.  The state's jurisdiction over petitioner did not cease because he was loaned to the federal government for prosecution.  See Vignera, 455 F.2d at 637-38; Causey, 621 F.2d at 693.

It is respectfully recommended that the Court find that petitioner's federal sentence did not commence until March 18, 2002, when state authorities relinquished their jurisdiction over him, and when the BOP designated the correctional facility in which he would serve his federal sentence.  It is further respectfully recommended that the Court find that the BOP's designation of petitioner's commencement date was in accordance with statutory provisions, and therefore, petitioner has failed to state a claim on which habeas relief can be granted.

**3.  Time Credit For Time Served.**

As previously discussed, petitioner was arrested by state authorities on January 13, 1998, and was loaned to federal authorities to face federal charges

pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u>.  (D.E. 18, App., Decl. of Hope McHerron, ¶¶ 4-7).  On July 10, 1998, his federal sentence was imposed, and he was transferred back into the custody of state authorities.  <u>Id.</u> at ¶ 7.  According to a BOP review, his state sentence has been credited with time served between January 13, 1998 to July 10, 1998.  <u>Id.</u> at ¶ 11.

Section 3585(b) establishes that a defendant will receive credit for official detention.  The Supreme Court has held that "[s]ection 3585(b) provides credit for time 'spent in official detention *prior to the date the sentence commences*,' thus making clear that credit is awarded only for presentence restraints on liberty." <u>Koray</u>, 515 U.S. at 56 (italics in original).  It has also held that "Congress made clear that a defendant could not receive a double credit for his detention time." <u>Wilson</u>, 503 U.S. at 337.

It is respectfully recommended that the Court find that the language of § 3585(b) precludes the award of credit for the period of time that petitioner spent in federal custody pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u> prior to his federal sentence imposition, because he has received credit for this time served against his state sentence.  It is further respectfully recommended that the Court find petitioner has failed to establish a violation of law on which habeas relief can be granted, and dismiss his claim for time credit.

### 4.    State Plea Bargain.

Petitioner claims that he reasonably relied on the fact that his state and federal sentences were to run concurrently when he pleaded guilty to the state charges.  (D.E. 19, at 5-6).  He appears to raise this claim for the first time in his response to respondent's motion to dismiss, and has not provided an indication as to whether his claim has been exhausted at the administrative level.  Additionally, his argument appears to challenge the underlying validity of his guilty plea entered for state charges, and does not indicate whether he has exhausted his state remedies in challenging his state conviction.  Even if petitioner were challenging the validity of his federal guilty plea, it would not be appropriately brought pursuant to a § 2241 habeas petition, which is reserved to address issues relating to the manner in which a sentence is carried out.  Pack, 218 F.3d at 451.

Therefore, it is respectfully recommended that the Court dismiss petitioner's claim that he reasonably relied on receiving concurrent sentences when he pleaded guilty to state charges because he has failed to state a claim for which § 2241 habeas relief can be granted.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss be granted and that petitioner's application be dismissed.

Respectfully submitted this 9th day of February 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO THE PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).