IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN C. REESE, | § | |
| | § | |
|     Petitioner, | § | |
| V. | § | C.A. NO. C-05-452 |
| | § | |
| BUREAU OF PRISONS et al., | § | |
| | § | |
|     Respondents. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On February 9, 2006, United States Magistrate Brian L. Owsley signed a Memorandum and Recommendation recommending that Respondent's motion to dismiss be granted and that Reese's petition for writ of habeas corpus under 28 U.S.C. § 2241 be denied. (D.E. 20). Petitioner, through counsel, filed timely objections (D.E. 25), which the Court has considered.

Having reviewed the findings of fact and conclusions of law in the Memorandum and Recommendation, as well as the pleadings on file and Petitioner's objections, and having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P.72(b), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

The Court dismisses the petition because it believes the law, as set forth in the Magistrate Judge's Memorandum and Recommendation, compels such a result. But the Court also questions the fairness of such a result in this case. In particular, it is undisputed that both Petitioner ***and the government*** during his federal criminal prosecution intended for his federal sentence to run

concurrently to his state sentence.[1]  Similarly, his subsequently-imposed state sentence was ordered to run concurrently with his federal sentence.  Thus, petitioner likely believed he would be serving the two sentences concurrently.  Instead, the BOP has relied on the silence of the federal sentencing court's judgment to conclude that the sentences were to run consecutively.  Thus, petitioner is spending ten years longer in prison than he, his attorneys, the federal prosecutor, and all parties to the state proceedings had thought he would.

Apparently, both Petitioner's trial counsel and the U.S. Attorney failed to bring the issue of concurrent sentences to the attention of the federal judge at sentencing, United States District Judge Dean Whipple.[2]  That court's judgement is silent on the issue.  Moreover, while Petitioner sought relief directly from Judge Whipple pursuant to Rule 35, Fed. R. Crim. P., and that court denied the relief, it is not clear from the order denying relief whether Judge Whipple intended for the sentences to run concurrently or not.  On the one hand, Judge Whipple stated:

> **The Court can find no reason why Reese should not receive credit toward his federal sentence for his state custody.**  Reese does not state that the federal government is denying him credit for his state custody, but asks the Court to change its Order to ensure that it happens.  The Court cannot do so under Rule 35.

United States v. Reese, No. 98-CR-14-1 at p. 3 (W.D. Mo. 2000) (emphasis added); (D.E. 2, Ex. 7).  The foregoing suggests that Judge Whipple, at the very least, has no objection to Petitioner receiving credit against his federal sentence for his state custody.

But later in the same order, Judge Whipple acknowledges that it is likely that "the Bureau

---

[1] The United States Attorney's agreement with the concurrent designation makes the instant case different from the typical case in which a federal judgment is silent as to whether the federal sentence should run concurrent or consecutive with a subsequently-imposed state sentence.

[2] The docket sheet in Petitioner's underlying federal case, United States v. Reese, 4:98-cr-14-1 (W. Dist. Mo.), does not indicate that Petitioner ever filed a motion pursuant to 28 U.S.C. § 2255.  Thus, the sentencing court has presumably never addressed a claim that Petitioner's attorney rendered constitutionally ineffective counsel by failing to call the issue to the Court's attention.

of Prisons will apply the default provision of 18 U.S.C. § 3584(a) and require that Reese's state and federal sentences be run consecutively because the Court did not address the state sentence in its commitment Order." (Id. at 3).  This quotation from the order suggests that Judge Whipple knew that, by leaving his order unchanged, Petitioner's sentences would be computed by the BOP to run consecutively, and he did not lodge an objection to that.

Given the silence in the federal commitment order and the ambiguity in Judge Whipple's subsequent order denying Rule 35 relief, the Court cannot find that Petitioner has shown he is being restrained in violation of the United States Constitution, treaties, or statutes.  Nonetheless, the Court notes that the Bureau of Prisons is certainly entitled to review Petitioner's case anew and make whatever determinations it deems proper.  The Bureau of Prisons is also free, of course, to seek clarification from Judge Whipple as to whether he intended Petitioner's federal criminal sentence to run concurrent or consecutively to his subsequently-imposed state sentence.

Accordingly, it is ORDERED that Respondent's Motion to Dismiss is GRANTED and that Petitioner's Petition for Writ of Habeas Corpus is DENIED.  The Court further notes, however, that, to the extent Reese challenges the underlying validity of either his state or federal guilty plea, (see D.E. 20 at 21), such claims are DISMISSED WITHOUT PREJUDICE.

It is ORDERED this 4th day of April, 2006.

_____
Janis Graham Jack
United States District Judge